IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-121**          (JCN: 2022017882)

**MATTHEW KNIGHT,**
**Claimant Below, Respondent**

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc. ("ACNR") appeals the February 22, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Matthew Knight timely filed a response.[1] ACNR did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Knight a 3% permanent partial disability ("PPD") award and granting him an additional 4% PPD award for a total PPD award of 7%.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Knight completed an Employees' and Physicians' Report of Occupational Injury dated March 4, 2022, in which he stated that he was unloading a belt structure from a flat car while working for ACNR, when he injured his back. The physician's portion of the form was completed by a provider at MedExpress, who indicated that Mr. Knight had sustained a lumbar sprain while lifting at work.

By order dated March 11, 2022, Mr. Knight's worker's compensation claim was held compensable for strain of muscle, fascia, and tendon of lower back. An x-ray of Mr. Knight's spine performed on March 6, 2022, showed no significant abnormalities. On March 24, 2022, Mr. Knight underwent an MRI of the lumbosacral spine. The MRI an L4-L5 moderate asymmetric disc herniation to the right with annular tear and mild central stenosis, and an L6-S1 left lateral recess stenosis and mild left neural foraminal stenosis.

---

[1] ACNR is represented by Aimee M. Stern, Esq. Mr. Knight is represented by Christopher J. Wallace, Esq.

On March 25, 2022, Mr. Knight was seen by Emily Norman, PT, at First Settlement Physical Therapy for an evaluation. Mr. Knight reported a sudden sharp pain in his central lumbar spine while lowering a heavy object to the ground, and that he has had pain that radiates to his left one time since the injury, but it quickly resolved. Mr. Knight stated that his pain initiated at his central lumbar spine and radiated laterally. He further explained that this pain occasionally radiates to mid-back. The physical therapist recommended a total of twenty-four physical therapy visits.

On May 27, 2022, Prasadarao Mukkamala, M.D., performed an independent medical evaluation ("IME") of Mr. Knight. Dr. Mukkamala noted that Mr. Knight complained of pain in the low back. Dr. Mukkamala's diagnosis was lumbar sprain, and he concluded that Mr. Knight had reached maximum medical improvement for the compensable injury. Dr. Mukkamala opined that Mr. Knight could return to work with no restrictions. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala concluded that Mr. Knight had a 7% whole person impairment ("WPI") for loss of range of motion. Additionally, Dr. Mukkamala placed Mr. Knight under Category IIB from Table 75 of the *Guides* for 5% WPI, which he combined with the 7% WPI for loss of range of motion for a total of 12% WPI. Using West Virginia Code of State Rules § 85-20 ("Rule 20"), Dr. Mukkamala placed Mr. Knight under lumbar category II of West Virginia Code of State Rules § 85-20 Table C and adjusted the impairment rating to 8%. Dr. Mukkamala then apportioned 5% WPI to preexisting non-compensable spondyloarthropathy and 3% WPI to the compensable injury.

On June 6, 2022, the claim administrator issued an order awarding Mr. Knight a 3% PPD award based on Dr. Mukkamala's report. Mr. Knight protested this order.

On December 13, 2022, Dr. Mukkamala performed a second IME of Mr. Knight. Dr. Mukkamala noted that Mr. Knight was significantly better, but that he continued to have pain in the low back that was made worse by bending and lifting. Dr. Mukkamala noted that Mr. Knight returned to work on July 19, 2022, and that he was currently working at his regular job performing general inside labor. Dr. Mukkamala opined that Mr. Knight had reached MMI for the compensable injury, and that he did not require further treatment. Using the *Guides*, Dr. Mukkamala concluded that Mr. Knight had a 6% WPI for loss of range of motion. Dr. Mukkamala placed Mr. Knight under Category IIB from Table 75 of the *Guides*, which he combined with the 6% WPI for a total of 13% WPI for the low back and lumbar spine. Using West Virginia Code of State Rules § 85-20 Table C, Dr. Mukkamala placed Mr. Knight under Category II, which has an acceptable impairment range of 5-8%. He then adjusted Mr. Knight's impairment rating to 8%, 5% of which he apportioned to preexisting degenerative spondyloarthropathy, and 3% to the compensable injury. Dr. Mukkamala noted that the 3% WPI rating included any and all PPD awards that Mr. Knight had received for his low back and lumbar spine in the past.

On December 14, 2022, the claim administrator issued an order closing the claim for PPD benefits based on Dr. Mukkamala's December 12, 2022, report, which indicated that Mr. Knight was fully compensated by his prior awards. Mr. Knight protested this order.

On March 6, 2023, Bruce Guberman, M.D., performed an IME of Mr. Knight. Mr. Knight reported that he has almost constant pain in the lumbar region of his spine with radiation into the left hip and lateral aspect of the left leg to the left foot and the first two toes of the left foot. Dr. Guberman noted that Mr. Knight returned to work on July 19, 2022, with no restrictions, and that he has not missed work due to the compensable injury since that time. Dr. Guberman's impression was chronic posttraumatic strain of the lumbosacral spine, and disc herniation at L4-L5 by MRI scan.

Using the *Guides*, Dr. Guberman placed Mr. Knight under Category II-C for a 7% WPI. He also found that Mr. Knight had a 7% WPI for range of motion restrictions. Dr. Guberman combined the 7% WPI from Category II-C with the 7% WPI for range of motion restrictions, for a total of 14% WPI under the Range of Motion model. In accordance with West Virginia Code of State Rules § 85-20 Table C, Dr. Guberman placed Mr. Knight in Lumbar Spine Category II, which has an allowable impairment rating of 5%-8% impairment. Dr. Guberman opined that the impairment rating should be adjusted to 8% WPI, 1% of which he apportioned to preexisting degenerative changes, leaving 7% WPI for the compensable injury. Based on the foregoing, Dr. Guberman recommended an additional 4% WPI. Dr. Guberman noted that in his opinion Dr. Mukkamala's decision to apportion 5% impairment for preexisting degenerative changes was excessive and not justifiable since Mr. Knight is a younger individual and there was no history or evidence of a prior injury or ongoing lumbar symptoms until the compensable injury occurred.

On February 22, 2024, the Board issued an order reversing the claim administrator's order which closed the claim for PPD benefits and granting an additional 4% PPD award based on Dr. Guberman's report. The Board found that Dr. Guberman's report provided the best evidence of record regarding Mr. Knight's impairment and noted that Dr. Guberman stated that Mr. Knight had no symptoms or injuries involving the lumbar spine prior to the compensable injury. Further, the Board's order stated that Dr. Guberman's decision to apportion the majority of Mr. Knight's impairment to the compensable injury was more persuasive than Dr. Mukkamala's decision to apportion only a small percentage of Mr. Knight's impairment to the compensable injury. It is from this order that ACNR now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024).

On appeal, ACNR argues that the Board erred in finding Dr. Guberman's report to be more credible than Dr. Mukkamala's report. ACNR also asserts that Dr. Mukkamala's apportionment is more reliable because it is consistent with Mr. Knight's diagnostic testing results. We disagree.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order and granting an additional 4% PPD award for a total PPD award of 7%.

The Board noted that Dr. Guberman's report disclosed that Mr. Knight had no symptoms or injuries involving the lumbar spine prior to the compensable injury, and that there is no medical evidence to refute this finding. Further, the Board found that Dr. Guberman's decision to apportion the majority of Mr. Knight's impairment to the compensable injury was more persuasive than Dr. Mukkamala's decision to apportion only a small percentage of impairment to the compensable injury.[2] We find no error in this

---

[2] This Court notes that this case would not result in a favorable outcome for ACNR even if an analysis of *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __W. Va. __, __S.E.2d __ (2024) was performed. Although ACNR met its burden under *Duff* that apportionment is appropriate, the Board found that Dr. Guberman's 1% apportionment was more credible than Dr. Mukkamala's. The Board was not clearly wrong in determining that Dr. Guberman's medical evaluation was more reliable than Dr. Mukkamala's.

4

decision and defer to the Board's determinations of credibility. *See Martin v. Randolph Cnty. Bd. of Educ.,* 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence. . . .").

Accordingly, we affirm the Board's February 22, 2024, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear